IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-73,105-02






EX PARTE ALEJANDRO CARBAJAL GARZA, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 06-07-11915 IN THE 79TH JUDICIAL DISTRICT COURT


FROM JIM WELLS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder
and sentenced to life imprisonment without possibility of parole. The Fourth Court of Appeals
affirmed his conviction. Garza v. State, No. 04-07-00446-CR (Tex. App. - San Antonio, February
25, 2009, pet. ref'd). 

 On September 14, 2011, this Court remanded to the trial court to obtain affidavits and
findings addressing Applicant's claim that trial counsel failed to convey a plea offer to Applicant
before trial. The trial court obtained an affidavit from one of Applicant's two trial attorneys, and
entered findings of fact and conclusions of law recommending that relief be denied. However, the
attorney who submitted the affidavit is not the attorney who, according to Applicant, received and
failed to communicate the plea offer in question. Therefore, the trial court shall order Applicant's
other trial attorney, Adam Poncio to respond to Applicant's claim of ineffective assistance of counsel
by submitting an affidavit stating whether the prosecutor made any plea offers prior to trial, and if
so, whether counsel conveyed such offers to Applicant. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its
personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether a plea offer of thirty to forty years'
imprisonment was made to attorney Adam Poncio prior to trial, and if so, whether the offer was
communicated to Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: January 11, 2012

Do not publish